CAPITAL TOWNSITE CO. vs DENTON.

Opinion delivered October 27, 1906.

(91 S. W. Rep. 34).

1. *Appeal—When Mandate of Appellate Court is not Complied with Appeal will be Dismissed.*

An appeal will be dismissed, where the plaintiff declines to amend his complaint in the Trial Court, when so directed by the Court of Appeals.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, December 20, 1904.

Action by the Capital Townsite Company against Joe Denton. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

On December 20, 1904, a mandate of the Court of Appeals of the Indian Territory was filed in the case of Joe Denton, appellant, vs Capital Townsite Company, appellee, reversing the case for error in overruling the demurrer filed to the complaint, and directing the court below to sustain the demurrer. Whereupon the court below, in obedience to said mandate, sustained the demurrer to the complaint, to which the plaintiff excepted and declined to plead further. And thereupon the court below dismissed the cause, to which the plaintiff excepted and prayed an appeal to this court, which was granted. The plaintiffs (appellants) in this case thus elect to stand upon the original complaint filed by them against the defendant (appellee in this case), which original complaint was filed by plaintiffs on the 5th day of August, 1902, in which they allege that in the month of March, 1899, Eliza M. Baysinger was a member of the Creek tribe of Indians, and a widow, and that she was then, and had been for several years, in possession of the lands in controversy. That at that time she segregated said lands for town property, and conveyed by deed the right of occupancy and possession thereof to the Capital Townsite Company, which was composed of plaintiffs and J. A. Friend and C. H. Robbins. That said deed was signed March 15, 1899, and was delivered on March 17, 1899, and on same day Friend and Robbins conveyed their interest to plaintiffs. That on February 5, 1902, said deed was proved by one of the subscribing witnesses, and on February 8, 1902, the same was recorded. Said deed is set out at length in said complaint. That in the spring of 1899, after receiving said deed, plaintiffs fenced the unfenced portions of said land and erected buildings upon portions of the same, and made a plat of said lands into lots, blocks, streets, alleys, and parks. That lot 1 in block 4 was located at the corner of South Main street and Wide avenue, and was 25 by 140 feet. That when the official plat was made the width of Wide avenue

was reduced from 120 feet to 80 feet, and the name changed to Second street, and the name of South Main street changed to Main street. That by the official plat the lot aforesaid was changed so that it became lot 1 in block 25, and was 50 feet by 140 feet, and the town name of Bixby was the same in both plats. That on December 28, 1901, the plaintiffs and one John Turner made a written agreement as follows: "Bixby, I. T., Dec. 28, 1901. The Capital Townsite Company hereby contracts with John Turner to give him a right of occupancy deed free to lot number one in block four in the town of Bixby, I. T., according to the plat thereof, provided said Turner shall erect thereon a store building to be used for business not less than fourteen feet wide by thirty feet long, said building to be completed within three months from the date hereof, time to be of the' essence of this contract. Otherwise the lot to remain the property of the townsite company. Said deed to be given when said building is completed as aforesaid. (Signed) Capital Townsite Company, by T. M. Stanclift and Francis R. Brennan. John Turner." That on said day plaintiffs delivered the possession of said lot to said Turner under said agreement. That in January, 1902, the said Turner and defendant verbally notified plaintiffs that defendant had purchased Turner's interest in said contract, and defendant agreed to perform the contract. That defendant then took possession of said lot. That afterwards, and in January, 1902, when the townsite surveyors reduced the width of Wide avenue, plaintiffs directed Turner to take possession of the 40 feet, so that defendant would have the corner lot, and defendant thus secured possession of lot 1 in block 25. That neither defendant or Turner, nor any one for them, ever erected any building on said lot until after April 1, 1902, and on April 22, 1902, plaintiffs made written demand upon defendant for possession of same. Defendant declined to surrender the possession of said lot, and is in the unlawful and wrongful possession of the same, to

plaintiffs' damage $100. Plaintiffs, for further cause of action, allege that in January, 1902, they were in possession and owned the right of occupancy to lots 8 and 9 in block 22 in the town of Bixby, according to the official plat of said town; "that the plaintiffs rights in and to said lots 8 and 9 were acquired at the same time, in the same manner and under the same conveyance, and by the same acts as their right in and to lot one block 4 above referred to in this complaint"; that in January, 1902, plaintiffs agreed to give defendant a right of occupancy deed free to said lots, provided defendant would at once erect thereon a dwelling house, with two rooms, each fourteen feet square; time was made the essence of the contract, deed to be given when said residence was completed; that defendant has never complied with said agreement; that on April 22, 1902, plaintiffs made a written demand for possession of said lots from defendant, but defendant has refused to surrender possession of the same, and is now in the unlawful possession of said lots, to plaintiffs damage in the sum of $50. Wherefore plaintiffs pray judgment for said lot 1 in block 25, and lots 8 and 9 in block 22, and for $150 damages for the unlawful detention of the same.

*F. R. Brennan,* for appellant.

*N. B. Maxey* and *Poe & Campbell,* for appellee.

TOWNSEND, J. (after stating the facts). We have gone through this record and examined the briefs with some degree of care, and we have discovered no sufficient reason to disturb the former action of this court. The court below, in sustaining the demurrer, complied with the order of this court (82 S. W. 852), and, the appellants declining to amend their complaint, the court very properly dismissed the case, and the said judgment of the lower court is therefore hereby affirmed.

CLAYTON and GILL, JJ., concur.  RAYMOND, C. J., not participating.